1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE ASHMORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:20-cv-00817-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 20). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 12).

Plaintiff's opening brief argues that the ALJ failed to give specific and legitimate reasons for rejecting the opinion of treating physician Dr. Ansari and failing to address the opinion of treating physician Dr. Van Meurs. (ECF No. 20, pp. 5, 10).

Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

# I.     ANALYSIS

## A.     Dr. Ansari's Opinion

Plaintiff argues that the ALJ erred by failing to give specific and legitimate reasons for discounting the opinion of Plaintiff's treating endocrinologist, Dr. Ansari, who offered an opinion on Plaintiff's work limitations.

The Ninth Circuit has held the following regarding such opinion testimony:

> The medical opinion of a claimant's treating physician is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. *Id.* § 404.1527(c)(2)–(6).
>
> "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (alteration in original) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Bayliss*, 427 F.3d at 1216); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("[The] reasons for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion."). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

*Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).

The ALJ assigned little weight to Dr. Ansari's opinion, stating as follows:

> The record also contains a statement from Adeela Ansari, MD, the claimant's treating endocrinologist (8F). Dr. Ansari states that the claimant is no longer able to work. His statement is not a medical opinion, but rather an administrative finding dispositive of a case. These issues are reserved to the Commissioner and, as such, Dr. Ansari's assertion is not entitled to any special significance (20 CFR 404.1527(e)(l)(3) and SSR 96-Sp). He further opines that the claimant would be off task for at least twenty percent of the time. However, this is an opinion of the claimant's psychological functioning and is outside his scope of practice. Finally, he states that the claimant would miss a minimum of three days per month due to her disabilities. He provides no support for this opinion and the record does not provide corroboration. The record does not reflect that the claimant has a history

of missing appointments due to physical or mental conditions. Further, as discussed, the record does not support this level of impairment. Based on these factors, I have given Dr. Ansari's opinion little weight.

(A.R. 32).

The first reason identified to support the ALJ's assignment of little weight to Dr. Ansari's opinion is that the "statement is not a medical opinion, but rather an administrative finding dispositive of a case." (*Id.*). While the ALJ was correct to point out that Dr. Ansari's opinion— that Plaintiff could not work—opined on an issue ultimately reserved for the ALJ, Dr. Ansari's statement was not just "an administrative finding" but did in fact contain medical opinions that the ALJ was not free to dismiss. *See McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) (noting than "[a]n impairment is a purely medical condition" but "[a] disability is an administrative determination"). For example, Dr. Ansari noted that Plaintiff's "diabetes and stage three liver failure" could cause certain limitations, such as her being "off task for at least twenty percent (20%) of the time because of the complications associated with her disabilities." (A.R. 549). Accordingly, to the extent that the ALJ wholly discounted Dr. Ansari's statement because it opined on the disability determination, the ALJ erred. *See Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989) (noting that a "treating physician's opinion on the ultimate issue of disability is not necessarily conclusive" but that an ALJ is required to set for specific and legitimate reasons for disregarding the physician's opinion); Social Security Ruling 96-5p. (noting that "adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner").

The second reason identified to support the ALJ's assignment of little weight to Dr. Ansari's opinion is that Dr. Ansari's assessment that Plaintiff would be off task for at least twenty percent of the time was an opinion regarding Plaintiff's psychological functioning and was outside Dr. Ansari's scope of practice. As an initial matter, the record does not indicate the Dr. Ansari's opinion was solely based on Plaintiff's psychological functioning; rather, Dr. Ansari's treatment records indicate that Plaintiff suffered physical symptoms from her conditions that would be expected to cause Plaintiff to be off task in a work setting, such as dizziness and fatigue. (*See* A.R. 532, 536, 540, 545 (reports of fatigue, abdominal pain, frequent or reoccurring

headaches, dizziness, and numbness and tingling); *see Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995), *as amended* (Apr. 9, 1996) (noting that some impairments, such as pain, cannot be neatly separated in physical or psychological components). And, to the extent that Dr. Ansari's opinion touched on psychological symptoms, Dr. Ansari was qualified as a licensed physician to opine on how Plaintiff's physical conditions produced psychological symptoms that would cause her to be off task. *See Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (concluding that family doctor was qualified to give opinion as to claimant's mental state as it related to her physical disability even if he was not a psychiatrist).

The third reason identified to support the ALJ's assignment of little weight to Dr. Ansari's opinion is that Dr. Ansari's assessment that Plaintiff would miss a minimum of three days per month due to her disabilities was unsupported by the record; specifically, because the record does not reflect that Plaintiff had a history of missing appointments due to physical or mental conditions. As an initial matter, just labeling Dr. Ansari's opinion as unsupported is an insufficient basis to reject it. *See Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) (noting the specific-and-legitimate-reasons standard requires "explanation" and a "substantive basis" to support the ALJ's conclusion).  Rather, the ALJ was required to consider whether medical opinions are supported by the record evidence. *See id.* at 1014. Here, the ALJ apparently failed to consider whether Dr. Ansari's reports of Plaintiff's symptoms (such as fatigue, dizziness, and pain) from her diabetes and stage three liver failure would be consistent with Plaintiff missing three or more days a month from work. (*See* A.R. 532, 536, 540, 545). Moreover, the ALJ did not consider other record evidence indicating that Plaintiff's diabetes and liver disease, at least in part, caused severe symptoms that could cause her to miss work. (*See, e.g.*, A.R. 370 (noting fatigue); 416 (noting fatigue and body aches); 571 (noting nausea).[1]

Additionally, the ALJ failed to explain how Plaintiff's ability to make appointments was

---

[1] The Court notes that Defendant's opposition brief contains arguments not made by the ALJ, such as the fact that Plaintiff had a part-time job as being inconsistent with Dr. Ansari's opinion. (*See* ECF No. 25, p. 9-10). However, this Court is permitted to review only "the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

1    inconsistent with her ability to maintain competitive employment. And there is no indication that

2    Plaintiff's appointments required her to undertake the same amount of time or effort required for

3    the workplace. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (concluding that "many

4    home activities are not easily transferable to what may be the more grueling environment of the

5    workplace, where it might be impossible to periodically rest or take medication").

6           For the above reasons, the Court concludes that the ALJ failed to give specific and

7    legitimate reasons, supported by substantial evidence, to assign Dr. Ansari's opinion little weight.

8           **B.     Dr. Van Meurs's Opinion**

9           Plaintiff next argues that the ALJ erred by failing to address the opinion of treating

10   physician Dr. Van Meurs, who wrote a letter stating that Plaintiff needed to be excused from jury

11   service because of the "unpredictable side effects and complications of her illnesses," which

12   included diabetes and liver disease. (A.R. 759); (*see* ECF No. 20, p. 10). Defendant concedes that

13   the ALJ failed to address this letter but argues that it was unnecessary (or, alternatively, harmless

14   error) to consider it because Dr. Van Meurs did not assign any specific and ongoing functional

15   limitations. (ECF No. 25, p. 10).

16          While it is worth noting that Dr. Van Meurs's letter appears consistent with Dr. Ansari's

17   opined limitations, discussed above, the Court ultimately finds no legal error in the ALJ failing to

18   discuss the letter because it offers no specific assessment of functional limitations. Although Dr.

19   Van Meurs's statement that Plaintiff would need to be excused from jury duty due to her illnesses

20   suggests a certain level of functional limitations, the letter is ultimately too vague and conclusory

21   to "comprise significant and probative evidence such that the ALJ erred in not citing it." *Robin P.*

22   *v. Comm'r, Soc. Sec. Admin.*, No. 6:17-CV-01999-SU, 2019 WL 1984132, at *5 (D. Or. Apr. 4,

23   2019), *report and recommendation adopted*, No. 6:17-CV-01999-SU, 2019 WL 1982528 (D. Or.

24   May 2, 2019) (finding no error in ALJ's failure to consider letter excusing Plaintiff from jury

25   service where letter was vague, lacking in supportive detail, and largely conclusory).

26          **D.     REMEDY**

27          Plaintiff concludes by requesting an award of benefits, or, alternatively, for a remand for

28   further proceedings. (ECF No. 20, p. 9-10). Defendant argues that, if this Court overturns the

5

ALJ's decision, the proper remedy is a remand for further administrative proceedings. (ECF No. 25, p. 14).

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test, with each of the following parts of the test needing to be satisfied to remand for benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). However, even if all these parts are met, the Court may still remand when "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

Here, the record has been fully developed.  As discussed above, the ALJ failed to provide legally sufficient reasons for rejective evidence, and if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.  Notably, the vocational expert testified that if a person would be off task twenty percent of the workday or were to miss three days per month, the person would be unable to maintain competitive employment in the national economy. (A.R. 80-81). In these circumstances, the Court declines to remand this case for further proceedings and will reverse the Commissioner's decision and award benefits. Finally, the Court does not have serious doubt about the claimant's disability.

## II.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED:

1.   The decision of the Commissioner of the Social Security Administration is reversed;

2.   The matter is remanded for the immediate award of benefits; and

\\\

\\\

\\\

3.  The Clerk of Court shall enter judgment in favor of Plaintiff and shall close this case.

IT IS SO ORDERED.

Dated:   **March 28, 2022**                          /s/ _Erica P. Grosjean_

                                           UNITED STATES MAGISTRATE JUDGE

7